The Case agreed is thus.
John Penn was seized in fee of the Lands in Question and by his last Will and Testament devised them to Ann Sharp in these words I give and bequeath unto Ann Sharp Daughter of John Sharp my Plantation which I now live on, Then in another Clause at the end of his Will he says “ And for my Land which “ I have given unto Ann Sharp if it shou’d please God that she “ die without Issue I give to my friend Thomas Harwar, Other- “ wise to her and her Heirs for ever
*R40 Ann Sharp married Vincent Vanse and had Issue by him John Vanse her Son and Heir, who is the Lessor of the Pit. but Vanse & his Wife by Deed dated the 20th of February 1692. Acknowledged by them both in Court she being first privately Exam’d. Conveyed the Lands in Question to Edward Thomas in fee And Edward Thomas by his Will dated the 28 of May 1699. Devised the Lands to the Parish of South Farnham for a Glebe And the Minister of that Parish hath ever since enjoyed it as such And Latany is now Parson of the Parish
The Question arising upon this Case is What Estate Ann Sharp had by the Will of Penn: Whether an Estate in fee or an Estate Tail And I must think she had an Estate in fee
I admit if Lands be given to one and if he die without issue General. The word Issue makes an Estate Tail by Implication, but when the dying without Issue is Limitted within a certain time it is Otherwise So it is held in the Case of Bacon and Hill Moor 464. Cro. Eliz. 498. So Adjudged in the noted -Case of Pell & Brown where one Brown leaving 3 Sons Tho’s W’m and Richard by his last Will Devised Lands to Tho’s for ever and if Tho’s died with’t Issue living W’m that then W’m shou’d have the Land, And it was resolved by all the Justices that Tho’s had a fee, because the first part of the Devise carry’s a fee And the Clause If he died without Issue is not Absolute and Indefinite, whensoever he died without Issue, but with a Contingency if he die without Issue living W’m Cro. Ja. 591.
[150] My Lord Chancellor Nottingham in the Duke of Norfolks Case 31. and 49. Says there is not a clearer Rule in Law than this, that there can be no Remainder Limitted after a Fee Simple, but yet the nature of Things and the necessity of Commerce between Man & Man have found a way to pass by that Rule and that is thus
Either by way of use, or by way of Devise Therefore if a Devise be to a Man and his Heirs and if he die without Issue in the Lifetime of B. then to B. and his Heirs, this is a fee Simple upon a fee Simple and yet it has been held good, and he mentions the Case of Pell and Brown and says the Law was so Settled before in a Case between Hynde and Lyon 3. Leond. 64.
The Law being clearly settled in this point it only remains to shew that the intent of the Testor. was not that the Land shou’d remain to Harwar, if Ann Sharp at her death left Issue and that Issue after several Years shou’d fail and be Extinct *R41 But that he intended to Limit her dying without Issue to a certain time, And that I think is clear enough from the whole Will, Otherwise the last words must be rejected as Senseless, which cannot be in the Construction of a Will where the Judges will make use of every Word of the Testors, [if it be possible] and make such an Exposition as that the whole Will may take effect and nothing be rejected.
If the Testor. intended that Harwar shou’d have the Land whenever the Issue of Ann Sharp shou’d fail the Subsequent words (Otherwise to her and her Heirs forever) are useless and must be Rejected as having no meaning.
For the first words (if she die with’t Issue) had fully Expressed that before But the word (otherwise) does plainly shew the Testators Intent to be thus If Ann Sharp shou’d have no Issue living at her death I give the Land to Harwar, otherwise, that is, if she leaves Issue, I give it to her and her Heirs forever, And if this be his Intent Ann Sharp had a fee Simple. In Common parlance or According to Vulgar Acceptation A Man is say’d to be dead without Issue when he has no Issue living at the time of his death 2. Vern. 759. 767.
Indeed in the Legal acceptation it is understood of a future time when the Issue left at his death might afterwards happen perhaps .100 years after to die without Issue. But where there are other words to shew the Testors. Intent to be According to the Vulgar Acceptation [151] they shall be taken in that Sense As in the Case of Pinbury and Elkin 2. Vern. ubi. Supra. Where a Man by his Will gave Money & other Personal things to his Wife provided if she died without Issue that the 80,£ shou’d remain to his Brother after her decease, And the Lord Chancellor was of Opinion that the words (after her decease) shewed the Testors. Intent to be that his Brother shou’d have the 80;£ if his Wife had no Issue at her death and so Decreed the Devise over to the Brother to be good There is another reason for Construing the Words (if she die with’t Issue) to be Limitted to the time of her death from the Estate given to Harwar which is no more than an Estate for Life.
For if the Testor. meant that Harwar shou’d have an Estate for Life whenever the Issue of Ann Sharp shou’d fail which perhaps may not happen these 100 years, Then the Devise to Harwar in all probability is vain and fruitless, for an Estate for Life after failure of Issue in another must be looked upon as nothing.
*R42 But admit that the words (if she die without Issue) shall be Construed generally yet taking both parts of the Clause together Ann must have a Fee.
For then the Testors meaning must be taken to be thus That Ann shou’d have a Fee simple determinable upon failure of Issue in. her. And it is the same thing as if he had say’d I give my Land to Ann Sharp and her Heirs so long as she has Issue, this is a Fee Simple determinable upon the Contingency of her dying with’t Issue. If Land be given to one and his Heirs so long as I. S. has Heirs of his Body, or so long as he shall pay so much money, Or so long as the Church of Saint Paul shall continue These are Fee Simples determinable, so is Plowd. 557. 10 Co. 976. Seymors Case.
Indeed my Lord Coke says a Rem’r cannot be Limitted upon a fee Sim. But the Lord Chief Justice Vaughan in the Case of Gardener & Sheldon 269. Questions that Opinion as grounded upon no Authority.
So upon the whole matter, taking the words of the will either one way or the other Ann had a fee Simple and under her there is a good Title derived to the Defend’t And I pray Judgm’t for him.
And it was Adjudged for the Deft, that it was an Estate in fee in Ann Sharp.